## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**TRENT A. MCDOWELL,**                                        **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                   **No. 11-1879**

**ATLANTIC SOUNDING CO., INC. AND**                          **SECTION "E"**
**WEEKS MARINE, INC.,**
    **Defendants.**

### ORDER AND REASONS

Before the Court is Defendants' Motion in Limine to Exclude the Expert Testimony and Reports of Gerald S. George and Robert Borison.[1]  For the reasons set forth below, Defendants' Motion in Limine is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

This case arises out of plaintiff's alleged injuries suffered while working with a pneumatic impact wrench on defendant Weeks Marine's ("Weeks") vessel, the GD MORGAN, on or about May 22, 2011.  At the time, Plaintiff was employed by defendant Atlantic Sounding ("Atlantic"). Plaintiff claims that his employer required him to raise the thirty-three pound wrench above his head, while standing halfway up a ladder, to reach nuts and bolts that needed attention.[2]  Plaintiff also claimed that the wrench was missing key parts.[3]  On August 4, 2011, Plaintiff filed this maritime personal injury action against Atlantic and Weeks, seeking damages, attorney's fees, and costs.

During the course of this litigation, plaintiff hired Dr. Gerald S. George ("Dr. George") and

---

[1] R. Doc. 20.

[2] R. Doc. 23 (Plaintiff's Opposition to Defendants' Motion in Limine).

[3] *Id.*

Robert Borison ("Mr. Borison"), both of whom prepared reports in which they opined on the cause of the accident and Atlantic and Weeks' responsibility for the accident.  Specifically, Dr. George's report contained three opinions: (1) that the safe use of an impact wrench requires a user to assume proper body position, on a stable base, to use both hands, and to be able to apply sufficient and continuous pressure on the target nut/bolt, (2) that the work conditions and physical restraints imposed on Plaintiff at the time of the task at issue were unsafe, and (3) that the unsafe work conditions and/or physical restraints imposed upon Plaintiff at the time of the task were the direct causal link to the injuries allegedly sustained by Plaintiff.[4]  Mr. Borison's report contained four opinions: (1) that Plaintiff should have been provided with a safer platform to perform his task, (2) that the removal of a piece from the wrench contributed to the accident, (3) that the failure to properly outfit the impact wrench with retainer pins and "O" rings contributed to the accident, and (4) that the failure to hold a "Job Safety Analysis" meeting before the task contributed to the accident.[5]

## ANALYSIS

The Federal Rules of Evidence govern defendants' motion to exclude the reports and testimony of plaintiff's experts.  *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5 Cir. 2002).  Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[4] R. Doc. 20-2.

[5] R. Doc. 20-3.

This rule applies not only to testimony based on scientific knowledge, but also to testimony of engineers and other experts that is based on technical or specialized knowledge. *See Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5 Cir. 2004); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). This rule requires the trial court to act as a "gatekeeper," tasked with making a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *See Burleson*, 393 F. 3d at 584; *see also Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993)**.**

There is no jury demand in this case, meaning that the Court is the trier of fact. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district court judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5 Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Thompson v. Rowan Cos.*, 2007 WL 724646, at *1 (E.D. La. 2007); *quoting SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003). Even still, expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5 Cir. 1990). Likewise, expert testimony should be excluded in a bench trial if the Court finds that the proferred testimony deals only with common sense issues with which the Court, in its role as trier of fact, needs no expert assistance to resolve. *See Thomas v. Global Explorer, LLC*, 2003 WL 943645, at *2 (E.D. La.). As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 562 (5 Cir. 2004).

With respect to Mr. Borison's report, the Court finds that the opinions contained within his report are reliable and relevant. Mr. Borison claims to be an expert in the area of marine and offshore safety, and in the interpretation and application of the relevant regulations and standards, with years of experience in the field and in providing expert testimony on issues of marine safety, as well as access to manuals and guides on marine safety and industry standards. Neither the safe operation of a pneumatic impact wrench (including which parts of the tool are necessary and which are not), nor the safety issues or industry standards implicated by an operation like the one undertaken by plaintiff, are "common sense" issues with which the Court is readily familiar, and Mr. Borison's specialized knowledge and experience in the area of marine safety will help shed light on these issues. Thus, the opinions contained within Mr. Borison's report will assist the Court in its role as trier of fact. Therefore, Mr. Borison's report meets the two-pronged test from *Daubert* for the admissibility of expert testimony. This is a bench trial, and the Court can make determinations as to Mr. Borison's credibility as an expert witness, and assign due weight to his testimony, when he testifies before the Court at trial. *See Gibbs*, 210 F.3d at 500.

With respect to Dr. George's report, however, the Court finds that the opinions offered in his report are not reliable and relevant. Dr. George claims to have experience and specialized knowledge in the areas of Human Anatomy, Kinesiology, and Biomechanics, but he does not claim to have experience with or specialized knowledge in the use of industrial wrenches, nor does Plaintiff argue that he has such experience or knowledge. However, Dr. George's report focuses solely on the issue of the safe use of a pneumatic impact wrench. Dr. George's report also deals only with relatively common sense issues. For example, the Court does not need an expert to explain that the use of a heavy wrench on an unstable ladder is dangerous, or that the unsafe use of an industrial

strength power tool can lead to injury.  The Court finds that Dr. George's opinions "intrude upon the domain of common sense matters for which the Court requires no expert assistance" and that "nothing in the report requires expertise, and the report will not assist the Court in its role as trier of fact."  *Marshall v. Supreme Offshore Servs., Inc.*, 2011 WL 6258487 (E.D. La.); *citing Thomas*, at *2.  As a result, Dr. George's report fails to meet the "relevancy" prong from *Daubert*.  Dr. George's expert testimony and reports shall be excluded from the trial of this matter.[6]

Accordingly, **IT IS ORDERED** that Defendants' Motion in Limine be and hereby is **GRANTED IN PART**, with respect to Dr. George's expert testimony and reports, and **DENIED IN PART**, with respect to Mr. Borison's expert testimony and reports.

**New Orleans, Louisiana, this** 10th **day of May, 2012.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] Just as defendants attempt to hang their hat on the fact that Mr. Borison has been excluded from testifying as an expert in previous cases, plaintiffs argue that Dr. George's apparently unblemished record means that his reports should be admitted in this case.  However, the parties' reliance on the "records" of Dr. George and Mr. Borison is misplaced.  The admissibility of an expert opinion is taken on a case by case basis, considering the facts of each individual case, the proffered expert reports and opinions, and the issue of whether those reports will assist the trier of fact in its resolution of issues particular to that individual case.  Here, the Court is only concerned with the reports as they apply to the facts of the case before it.  Whether plaintiff's experts have been admitted as experts before (or not) does not influence this decision.